UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANNY HARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cv-00369-WTL-MJD |
| ) | |
| UNITED STATES DEPARTMENT OF THE ) | |
| TREASURY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion to Dismiss or, in the Alternative, for Summary Judgment**

Plaintiff Danny Harmon brings a claim pursuant to the Freedom of Information Act ("FOIA") against the United States Department of the Treasury. The defendant moves to dismiss or in the alternative for summary judgment on Mr. Harmon's claims because he failed to exhaust his administrative remedies before bringing this suit.

**I. Standard of Review**

The defendant moves to dismiss, or in the alternative, for summary judgment. The defendant argues that dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure* is appropriate based on Mr. Harmon's alleged failure to exhaust his administrative remedies. Alternatively, the defendant argues that it is entitled to summary judgment for the same reason – that Mr. Harmon failed to exhaust his administrative remedies. While some courts have held that the failure to exhaust administrative remedies deprives the court of subject matter jurisdiction, see, e.g., *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986), others have held that exhaustion is not jurisdictional, see *Matter of Lawrence*, 4 F.3d 996 (table). Accordingly, the Court will consider the defendants alternative motion for summary judgment.

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.,* 641 F.3d 253, 256 (7th Cir. 2011). To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.,* 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the Court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## II. Facts

Mr. Harmon has submitted a number of FOIA requests, each of which is discussed below.

*FOIA Request # 1*

On or about June 2, 2014, the Internal Revenue Service (the "Service" or "IRS") received a FOIA request dated May 19, 2014, seeking a variety of records relating to his criminal prosecution ("FOIA Request #1"). The IRS responded in a June 25, 2014 letter, stating that Mr. Harmon's request "did not clearly indicate what type of tax form and tax years for which [he was] seeking information." The IRS nevertheless conducted a search for criminal investigative files for

2011, 2012, and 2013. The IRS then informed Mr. Harmon that no responsive documents were found and provided Mr. Harmon with Notice 393, which explained his appeal rights.

*FOIA Request #2*

On or about July 3, 2014, the IRS received a FOIA request identical to the May 2014 FOIA request Mr. Harmon submitted to the defendant ("FOIA Request #2"). By letter dated July 16, 2014, the IRS informed Mr. Harmon that it was unable to perform a search because his request was unclear and that if he wanted the agency to process the request, he would have to write again and clarify the request.

*FOIA Request #3*

Also by letter dated July 16, 2014, Mr. Harmon submitted to the IRS a clarification of his May 2014 FOIA request, specially asking for records from 1999 through 2011 related to his criminal prosecution ("FOIA Request #3"). On August 26, 2014, the IRS provided its final response to this request, informing Mr. Harmon that no responsive documents were found and providing him with a notice of his right to appeal.

*FOIA Request #4*

Mr. Harmon also submitted FOIA Request # 1 to the Drug Enforcement Agency ("DEA") ("FOIA Request #4"). The DEA, in processing this request, located nine pages in its records originating from the IRS; and referred those pages to the IRS to process and directly respond to Mr. Harmon. In a September 19, 2014 letter, the IRS explained to Mr. Harmon that it was withholding the nine pages in full and, through Notice 393, informed him of his appeal rights.

Mr. Harmon did not file administrative appeals with respect to any of the above-referenced FOIA requests and the time to appeal has now elapsed.

### III. Discussion

The defendant argues that because Mr. Harmon failed to exhaust his administrative remedies under the FOIA, his claims must be dismissed. In general, a FOIA requester must exhaust his administrative remedies before filing suit in federal court. *Almy v. U.S. Dep't of Justice*, 114 F.3d 1191 (7th Cir. 1997) (unpublished). Exhaustion provides the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). "Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors." *Id.*

A. *FOIA Request # 2*

The defendant first argues that Mr. Harmon failed to exhaust his administrative remedies with regard to FOIA Request #2 because he failed to file a perfected request. "Only a valid FOIA request can trigger an agency's FOIA obligations, and [] failure to file a perfected request therefore constitutes failure to exhaust administrative remedies." *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102 (D.D.C. 2009). Mr. Harmon argues that he was directed to pursue his FOIA claims with the Tax Law Specialist.

With respect to FOIA Request #2, it is undisputed that Mr. Harmon was informed that the IRS was unable to perform a document search based on the request and informed Mr. Harmon of the deficiencies with the request. Mr. Harmon was instructed to clarify the request and did not do so. While the response to Request #2 explains that he could contact a Tax Law Specialist with questions, the letter is clear in its directions that he must write another request in order for that request to be processed. Because he did not do so, he has failed to exhaust his administrative remedies with Request #2.

B. *FOIA Requests 1, 3, and 4*

The defendant next argues that Mr. Harmon failed to administratively appeal the denials of Requests 1, 3, and 4. Mr. Harmon again argues that the responses by the IRS "instructed him to contact [the appropriate IRS] Tax Law Specialist." As with Request #2, the letters in response to Requests 1, 3, and 4, each direct Mr. Harmon to contact a Tax Law Specialist with questions. But each of those letters also state that the responder has "enclosed Notice 393 explaining your appeal rights." It is undisputed that Mr. Harmon did not appeal as directed. He therefore failed to exhaust his administrative remedies with regard to Requests 1, 3, and 4.

### IV. Conclusion

Failure to exhaust administrative remedies with regard to FOIA requests bars judicial review of those claims. *Almy*, 114 F.3d 1191. It is undisputed that Mr. Harmon failed to exhaust his administrative remedies. Accordingly, the defendant's motion for summary judgment [dkt 16] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 12/10/15

Distribution:

DANNY HARMON
10089-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All electronically registered counsel